# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| **SHAWN'DEL HARVEY,** | ) | **CASE NO. 1:15 CV 851** |
| | ) | |
| **Plaintiff,** | ) | **JUDGE DAN AARON POLSTER** |
| | ) | |
| **v.** | ) | |
| | ) | |
| **M. NEUBACHER,** *et al.*, | ) | **MEMORANDUM OF OPINION** |
| | ) | **AND ORDER** |
| | ) | |
| **Defendants.** | ) | |

*Pro se* Plaintiff Shawn'Del Harvey is a state prisoner currently incarcerated in the Ohio State Penitentiary. He has filed this civil rights action pursuant to 42 U.S.C. § 1983 against the "Ohio Department of Corrections" and two correctional officers at the Mansfield Correction Institution, Officer M. Neubacher, and Officer S. Diller. The Plaintiff alleges that on July 30, 2014, he was "assaulted and beat[en]" by the defendant officers in plain view of the camera at the Mansfield prison. He alleges he was "asked to be cuffed up" by the officers, that he complied with this request and "all orders" he was given, but that he was assaulted as soon as he was placed in cuffs. He alleges the officers violated his "8th Amendment right [under] color of law," and he seeks monetary damages and other relief.

Because the plaintiff is a prisoner suing a governmental entity and employees and is proceeding *in forma pauperis*, the Court must review his complaint pursuant to 28 U.S.C. §§ 1915(e) and 1915A. *See McGore v. Wrigglesworth*, 114 F.3d 601, 608 (6th Cir.1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007). The Court is required to dismiss any complaint, or portion thereof, that the Court determines is frivolous or malicious, fails to state a

claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010). Because the plaintiff is proceeding *pro se*, his complaint is construed indulgently. *See Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (*per curiam*); *Haines v. Kerner*, 404 U.S. 519, 520 (1972).

Upon review, the Court finds the plaintiff's complaint alleges at least plausible Eighth Amendment claims and therefore may proceed against the defendant corrections officers.[1] However, the Court finds the complaint must be dismissed against the Ohio Department of Corrections.

Section 1983 creates a cause of action against "persons" who acted to deprive the plaintiff of a constitutional right. The Ohio Department of Rehabilitation and Correction is not a "person" within the meaning of 42 U.S.C. § 1983. Further, the Department of Rehabilitation and Correction is a state entity entitled to sovereign immunity from the plaintiff's suit under the Eleventh Amendment. *See Will v. Michigan Department of State Police*, 491 U.S. 58, 65–66 (1989); *Foulks v. Ohio Department of Rehabilitation and Correction*, 713 F.2d 1229, 1232 (6th Cir. 1983).

## Conclusion

Accordingly, the plaintiff's complaint is hereby dismissed against the Ohio Department of Corrections pursuant to 28 U.S.C. §§1915(e) and 1915A. The Court certifies, pursuant to 28 U.S.C. §1915(a)(3), that an appeal from this decision could not be taken in good faith.

---

[1] In *Hudson v McMillian*, 503 U.S. 1 (1992), the Supreme Court held that the use of excessive physical force against a prisoner may constitute cruel and unusual punishment in violation of the Eighth Amendment even though the prisoner does not suffer serious injury and that the core judicial inquiry in determining whether a prison official has used excessive force is whether the force at issue was applied in a good-faith effort to maintain or restore order, or maliciously and sadistically to cause harm.

The action shall proceed only as against defendants Neubacher and Diller. The Clerk's Office is directed to forward the appropriate documents to the U.S. Marshal for service of process on these defendants. **A copy of this order shall be included with the documents to be served**.

IT IS SO ORDERED.

*/s/Dan Aaron Polster 7/27/15*
DAN AARON POLSTER
UNITED STATES DISTRICT JUDGE